# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　v.<br>RAFAEL P. LEAL<br>　　　　Defendant. | Cr. No. 16-111-S |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant's request for the minimum possible sentence would utterly fail to protect the public from this dangerous sexual predator. For the reasons set forth below, the Court should impose a sentence of 241 months imprisonment, an upward variance of 6 months from the advisory guideline range of 188-235 months.

## INTRODUCTION

Rafael Leal is a pedophile and sexual predator who is literally a parent's worst nightmare. Leal trolled a vulnerable 14 year-old girl through social media. He groomed her through a combination of flattery, gifts, and emotional manipulation. He slowly escalated the relationship from virtual to in-person but platonic; then from platonic to sexual; and finally from sexual to violent. He controlled her and attempted to isolate her from others. He dehumanized this vulnerable child as he groomed her to be his personal sex slave. He repeatedly raped her and sexually humiliated her. All of these facts warrant a sentence at the high end of the guideline range. But the conduct did not end there. Even after being caught red handed by the Bristol Police, arrested by the FBI and ordered detained by a federal judge, Leal continued to attempt to control

1

his victim, declaring her his property and directing her to communicate with him in secret. This outrageous behavior was an attempt to cause new and separate harm, which is not accounted for in guideline range.  It warrants an upward variance and the government recommends an additional six months to Leal's sentence.

### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE
### & HISTORY AND CHARACTERISTICS OF THE DEFENDNANT

Leal approached the victim through the social media application Instagram, sending her a message and asking to talk.  She was 14 years old, and not even started high school.  Leal sent the victim flattering and emotionally manipulative messages. He asked about her friends, school and various relationships; he offered a sympathetic ear to the troubles of a young teenager. He sent her expensive gifts through Amazon.com, including "Beats" earbuds and jewelry.  He promised to rent a car and take her places. Leal gradually earned the victim's trust before exploiting it.  The victim did not want the relationship to be sexual, and the first time Leal travelled to Rhode Island from Massachusetts he did not attempt any sexual contact.  Eventually Leal turned the relationship sexual and his true pedophilia emerged.  He engaged in sexual intercourse and other sexual contact with her on at least four occasions. He directed her to call him "daddy."  He sent her pacifiers and directed her suck on them and take pictures of herself acting like a baby.

Leal's sentencing memorandum makes several highly objectionable arguments that minimize and/or misunderstand Leal's criminal conduct.

2

### **Minimization of the offense conduct**

Leal claims that "Mr. Leal did not target the young girl, he did not kidnap her, he did not force her to have sex with him. He is responsible, and criminally culpable, for statutory rape because she was not old enough to legally consent to sexual contact." (Def. Memo at 7).

This completely minimizes Leal's conduct and engages in the common misconception that sexual assault is about sex. In fact, this crime is about power and control. Within weeks of approaching her, Leal began controlling the victim:

- "But I see that you have to make yourself call me daddy dude…not cool at all…It should be natural for you to call me daddy all the time."

- "Maybe I'm wrong, but I feel that you have a problem when I ask you to blow me or play with me."

- "How come you don't like to play with daddy like daddy play with you?"

- "Do you have a problem playing with daddy private part and giving a blow job?"

Leal ordered the 14 year old girl not to wear clothing with the name of her middle school on it when they were together, because other adults might wonder why they were together. He directed her to keep their relationship secret from her family. He warned her that other people would not "understand" their relationship, a common manipulative technique of pedophiles. For example, he texted her:

- "When I go to work on the morning there is sometimes the guys talk about older guys dating younger girls, they discriminated. So I know

3

> there is many ppl like that…I'm willing to sacrifice everything to be with you, that's how much I love you and want to be with you."

- "One stupid mistake can ruin all we have now;"

- "I'm not loosing (sic) you…and it is up to us to be very careful"

- "I keep asking if I'm the one you really want, cuz you are only 14 I kinda have to ask that myself"

- "Cuz if you were a 25 year old… I'd had dump you a long time ago….but age for me is just a number"

Leal even attempted to control the victim by directing her not to have age-appropriate relationships with boys her own age:

> "Don't ever say yes if your guys or guy friend ask you out, ever. Don't ever say yes if a guy friend wants you to go watch a movie at his house or take you to the movies, ever. Maybe you are not ready for a daddy like me. That's y."

Eventually Leal's control increased to actual violence, as he choked her during sexual contact:

- "Yesterday when I kinda choke you, I really like it..Was my first time. I'm not a virgin on that anymore yeeeeey"

Leal's sentencing memorandum also claims that Leal is not a pedophile. The evidence demonstrates otherwise. For example he texted her:

- "My first night with you, you will wear a night dress for daddy"

4

- "I'd take the paci[fier] out kiss you give you back the paci and play with your hair till you fall asleep…then when you wake up daddy would give you a million kisses and have your favorite dinner ready for you…than I'd feed you everything and have your fav drink with your sip cup."

- "But I liked it better the pic with the binky, that really made me happy and melt my heart... Cuz you look so beautiful with your binky, just like my precious little girl."

- "You know that daddy will kiss you all night long, non stop when we sleep together for the first time…I will kiss you in every single part of you little girl body, specifically the boody (sic)."

If Leal is not a pedophile, then why does he have sexual fantasies involving pacifiers, binky's and sippy cups?

### **Increased penalties are a reflection of increased awareness of the harm caused by sex crimes**

The Defendant also claims that if Mr. Leal pled **in 1987** his guideline range would have been 0 to 6 months, and that "Nothing in the guidelines explains this dramatic increase. No fact involved in this case justifies this dramatic increase." (Def. Memo at 5). Notwithstanding the complete irrelevance of this observation, the justification is simple: society has gradually recognized the substantial harm caused pedophiles and other sex offenders, and Congress has responded by repeatedly increasing the penalties in order to deter sexual predators and protect the public.

### **This is not a typical enticement case**

Leal argues that this is a routine enticement case with multiple enhancements inherent in the offense. (Def. Memo at 5). In this case the use of computer and social media are exacerbating facts worthy of guideline enhancements. Sex offenders are

increasingly using social networking sites as a tool to identify and recruit underage victims, and social-networking sites are among the most common online venues used to recruit child victims.[1] In this case, Leal identified his victim through social media (Instagram), controlled her remotely via texts, and directed her to behave sexually for him over social media. The fact that this pernicious type of criminal behavior is growing is not basis to disregard the guideline enhancement, but rather reason to apply it.

Nor are the enhancement for actual sexual contact and, undue influence, and repeat and dangerous sex offenders "inherent" in the offense. In this district, many violations of these statutes in recent years in have involved sting cases in which the harm, while intend and horrific, was not actualized thanks to the work of law enforcement. Before the court here is a defendant who unquestionably followed through with the parade of horribles such sting cases are designed to prevent and a real victim who has been traumatized, perhaps for life.

**CONDUCT NOT ACCOUNTED FOR BY THE GUIDELINES**

On or about November 29, 2016, defendant sent a letter from the Wyatt Detention Facility, to the home address of 14 year old victim, addressed to a nickname of the victim. The letter was intercepted by minor victim's parents, who provided it to law enforcement. Among other things, Leal wrote to the victim:

- "YOU ARE ONLY MINE, JUST FOR ME, SO NO ONE IS ALLOWED TO HAVE

---

[1] *The Department of Justice National Strategy for Child Exploitation Prevention and Interdiction: A Report to Congress* 76-77 (2016), available at https://www.justice.gov/psc/file/842411/download.

YOU.  YOU ARE MY PROPERTY, YOU BELONG TO ME, ME, ME. DON'T EVEN THINK ABOUT ANYONE ELSE, THAT'S NOT GONNA HAPPEN, PERIOD."

- "YOU ARE MINE, JUST MINE, NO ONE ELSE, YOU KNOW THAT RIGHT? I'M TAKING YOU WITH ME WHEREVER I GO!!!"

- "YOU ARE GONNA DRAW A PICTURE OF YOURSELF AND SEND IT TO ME…JUST GET IT DONE."

- "WHEN I GET MY SENTENCE, AFTER I SERVE IT, I WILL BE MOST DEF SEND BACK TO BRAZIL, AND SINCE YOU BELONG AND YOU ARE MY PROPERTY, YOU ARE GONNA COME WITH ME."

Leal also ordered the victim to provide a different address where Leal could contact the victim, instructed the victim not to use the victim's real name when communicating with Leal, and to provide answers to Leal in a code designed by Leal. Nothing in the guideline range reflects this outrageous conduct.  It was designed to make clear in no uncertain terms that the victim was not individual person with inherent dignity, but the sexual property of the defendant.  The facts of this case are bad enough that if the defendant had not sent the letter, a sentence at the high end of the guideline range would be warranted.  The additional intended harm warrants additional punishment.

## **VICTIM IMPACT**

The victim and her family declined to file a victim impact statement because the victim does not want to revisit the offense.  The victim is currently doing well in therapy and her family does not want to disrupt or set back her progress.  This is a

common phenomenon in child sexual exploitation cases and should not be interpreted as meaning there is no significant impact on the victim.

In all likelihood, Leal's crimes will haunt her forever. Unfortunately, while often thought of as resilient, children rarely fully recover from the trauma of sexual abuse. See A. Perry and D. DiLillo, *Child Sexual Abuse*, 147, in N.A. Jackson, Encyclopedia of Domestic Violence, (2007). Sexual trauma can actually affect the neurobiology of children, and young victims of sexual abuse have more problems with anxiety, high-strung temperament, speech and language delay, inattentiveness and hyperactivity, and are at higher risk for mood disorders. *Id.* While short term effects of sexual abuse include fear, anxiety, anger, depression, and sexually inappropriate behavior, long-term effects include self-destructive behavior, tendency toward re-victimization, substance abuse, and sexual maladjustment. See A. Browne and D. Finklehor, *Impact of Child Sexual Abuse: A Review of the Research*, 60, in B. Finkleman, Child Abuse: Short and Long-Term Effects (1995).

## CONCLUSION

Rafael Leal is a sexual predator and pedophile. His conduct was beyond abhorrent, and he needs to be punished severely. Moreover, the public must be protected from him. Every day he spends in prison is a day he cannot hurt a child. The government respectfully requests that the Court sentence the defendant to 241 months imprisonment, a term of lifetime supervised release, and the mandatory special assessments.

Respectfully submitted,

STEPHEN G. DAMBRUCH
Acting United States Attorney

By:   <u>s/ John P. McAdams</u>
      John P. McAdams
      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    s/ John P. McAdams
        John P. McAdams
        Assistant U.S. Attorney